**Kashif SALEEM, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**Nos. 07–3740–ag (L), 08–0460–ag (Con), 08–1379–ag (Con).**

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

Pro se, Brooklyn, New York.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Dimitri N. Rocha, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

mer Acting Attorney General Peter D. Keisler

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Kashif Saleem, a native and citizen of Pakistan, seeks review of: (1) an August 7, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Saleem's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Kashif Saleem,* No. A98 420 084 (B.I.A. Aug. 7, 2007), *aff'g* No. A98 420 084 (Immig. Ct. N.Y. City Sep. 27, 2005); (2) a September 27, 2007 order of the BIA denying his motion to reconsider, *In re Kashif Saleem,* No. A98 420 084 (B.I.A. Sep. 27, 2007); and (3) a February 29, 2008 order of the BIA denying his motion to reopen, *In re Kashif Saleem,* No. A98 420 084 (B.I.A. Feb. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we grant the Government's motion to consolidate Dkt. No. 08–1379–ag with the related petitions in Dkt. Nos. 07–3740–ag (L) and 08–0460–ag (Con). *See* 8 U.S.C. § 1252(b)(6).

### I. Dkt. No. 07–3740–ag (L)

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). Because the agency never made an explicit credibility finding, in reviewing the agency's determination, we assume Saleem's

as the respondent in this case.

credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or factfinding process was sufficiently flawed. *See Cao He Lin v. DOJ,* 428 F.3d 391, 406 (2d Cir.2005).

We find no error in the agency's conclusion that the mistreatment Saleem described did not rise to the level of past persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *Ivanishvili v. DOJ,* 433 F.3d 332, 341 (2d Cir.2006). The BIA found that such mistreatment "was tantamount to discrimination on account of [Saleem's] religion." Indeed, there is no evidence that Saleem was ever arrested or imprisoned on account of his Ahmadi religion. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). To be sure, the incidents Saleem described are disturbing, detailing a life marred by atrocious discrimination. Nonetheless, we are not compelled to disagree with the agency and find that such mistreatment constituted persecution. *Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006) (citing *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.")). Additionally, regarding any allegation of persecution prior to Saleem's 2003 visit to the United States, he conceded that the mistreatment he suffered was not so severe as to prompt him to apply for asylum at that time. Thus,

the IJ properly questioned whether Saleem had a subjective fear of persecution at that point.

As to the May 2004 incident, where Saleem was robbed and threatened by a former patient, the IJ likely erred in concluding that this incident was criminal, implying that it bore no relation to a protected ground. Indeed, the record suggests there was, at the least, a mixed motive for the robbery. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994); *see also Matter of S–P–,* 21 I. & N. Dec. 486, 492–95 (B.I.A.1996). Nonetheless, any error was harmless where the BIA, assuming that the incidents Saleem described were based on his religion, found that they did not rise to the level of persecution.

Despite the agency's proper finding with respect to past persecution, we find that remand is required in light of the agency's failure to analyze Saleem's claim that he had an objectively reasonable well-founded fear of persecution. *See Islami v. Gonzales,* 412 F.3d 391, 394 n. 3 (2d Cir.2005), overruled in part on other grounds, *Shi Liang Lin v. DOJ,* 494 F.3d 296 (2d Cir. 2007) ("[W]e note that a showing of past persecution ... need not be a necessary condition for asylum eligibility to be established. An applicant who demonstrates a well-founded fear of future persecution is not required to show that he or she suffered past persecution as well.").

In particular, remand is warranted pursuant to our decision in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007), where we found insufficient the agency's conclusion as to the petitioner's pattern or practice claim. Here, the BIA acknowledged that "members of the Ahmadi faith suffer discrimination in Pakistan and are also often the victims of religious violence." That observation notwithstanding, the BIA concluded that "a pattern or practice of perse-

cution [does not] exist there against such individuals." The BIA provided no further analysis on this issue. In *Mufied*, 508 F.3d at 91, we found that the BIA erred by failing to address the petitioner's claim that there exists a pattern or practice of persecution against Indonesian Christians, and by concentrating instead on the individualized risk of persecution. While we acknowledged the BIA's holding in *Matter of A–M–*, 23 I. & N. Dec. 737 (B.I.A.2005), we found that its decision "does not provide us with sufficient guidance for how to evaluate a pattern or practice claim." *Id.* at 92. Thus, applying the "ordinary remand rule," we returned the case to the agency to allow it to announce a standard regarding pattern or practice claims and apply that standard in Mufied's case. *Id.* at 93 ("the better course is for us to remand this petition to the BIA rather than attempt to adjudicate Mufied's claim ourselves.").

The same result is also appropriate here. The BIA has yet to address *Mufied* on remand or to provide further guidance in a precedential decision as to how to evaluate a pattern or practice claim. In this case, the BIA provided no such standard, merely concluding without analysis that Saleem failed to show a pattern or practice of persecution of Ahmadis in Pakistan. In light of evidence in the record suggesting a troubling degree of violence against Ahmadis, we are unable to engage in meaningful review of the agency's decision. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir.2005) ("We require a certain minimal level of analysis from agency decisions denying asylum, and indeed must require such if judicial review is to be meaningful").

We also conclude that neither the BIA's finding that Saleem could safely relocate in Pakistan nor the IJ's discretionary denial of asylum obviate the need for remand. With respect to the relocation finding, the BIA failed specifically to assess whether, "under all the circumstances, it would be reasonable to expect the applicant[s]" to relocate, and to consider, among other things, "administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3). As to the IJ's discretionary denial of asylum, the BIA has held that "all but the most egregious adverse factors" will be outweighed by the danger of persecution. *Wu Zheng Huang v. INS*, 436 F.3d 89, 98 (2d Cir.2006) (quoting *Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A.1989)). The IJ's discretionary denial in this case was apparently based on Saleem's failure to apply for asylum at an earlier date, either in this country or on a visit to Dubai. However, in reaching that finding, the IJ never had the opportunity to balance the totality of the circumstances, as is required before denying asylum as a matter of discretion. *See id.* at 86.

Because Saleem did not argue that the agency erred in denying his CAT claim, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

## II. Dkt. Nos. 08–1379–ag (Con); 08–0460–ag (Con)

Because we vacate the BIA's decision challenged in Dkt. No. 07–3740–ag (L), Saleem's motion to reconsider that decision is moot and the petition for review in Dkt. No. 08–0460–ag (Con) is dismissed as such. Similarly, because we remand for further proceedings, Saleem's motion to reopen his proceedings is also moot, and the petition for review in Dkt. No. 08–1379–ag is dismissed.

For the foregoing reasons, the Government's motion to consolidate Dkt. No. 08–1379–ag with the related petitions in Dkt.

Nos. 07–3740–ag (L) and 08–0460–ag (Con) is GRANTED. The petition for review in Dkt. No. 07–3740–ag (L) is GRANTED, the decision of the BIA is VACATED, and the case is remanded for further proceedings consistent with this order. The petitions for review in Dkt. Nos. 08–0460–ag (Con) and 08–1379–ag (Con) are DISMISSED as moot.